AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) ) | Civil Action No. |
| *Defendant* | ) ) ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____       _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

Christopher T. Vrountas, Vrountas, Ayer & Chandler, P.C., 250 Commercial Street Suite 4004, Manchester, NH 03101, 603-935-9789, cvrountas@vaclegal.com
Edward M. Mullins, Reed Smith LLP, 1001 Brickell Bay Drive Suite 900, Miami, FL 33131, emullins@reedsmith.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:20-mc-00094-JD   Document 1-2   Filed 11/13/20   Page 6 of 14

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A TO SUBPOENA**

**DEFINITIONS & INSTRUCTIONS**

1. "Pilatus" refers to Pilatus Bank plc.

2. "You" refers Lawrence Connell and anyone working on his behalf or at his instruction. "Your" is the possessive of You.

3. "ECB" refers to the European Central Bank.

4. "MFSA" refers to the Malta Financial Services Authority.

5. "Competent Person" refers to your role as the MFSA-appointed "Competent Person" of Pilatus.

6. "License Withdrawal" refers to the decision of the ECB of November 2, 2018, ECB-SSM-2018-MT-4, WHD-2018-0014, adopted under Article 4(1)(a) and Article 14(5) of Regulation No 1024/2013, by which it withdrew the authorization of Pilatus to take up the business of a credit institution.

7. "License Withdrawal Proposal" refers to the proposals to the ECB dated June 29, 2018 and August 2, 2018 to withdraw Pilatus' authorization to take up the business of a credit institution.

8. "Mr. Sadr" refers to Ali Sadr.

9. "Document" or "documents" shall mean and include, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, contracts, agreements, mortgages, deeds, leases, financing applications, loan applications, letters of intent, asset purchase agreements,

management contracts, operating agreements, writings, written communications, visual, graphic or pictorial displays of any description whatsoever, including, but not limited to, each writing or printing, graph, chart, financial report, tape recording, data computation, ledger sheet, journal entry, invoice, shipping document, bill of lading, purchase order, receipt, return, telephone bill, telephone message slip, schedule, affidavit, memorandum or note of intra office and interoffice telephone calls, letter, letter telegram, blueprint, photograph, video tape, check, canceled check, transcript, statistics, bank statement, financial statement, letter of credit, standby letter of credit, irrevocable and/or revocable standby letter of credit, performance bond, insurance contract and related and/or appended schedule, promissory note, audit report, writing relating to credit and/or loan committee(s) activities, tested telex, untested telex, wire communication, telegrams, teletype, telefax, email, bulletin, correspondence, notes, word diary, chronological data, minutes, work sheet, book, travel log, survey, magazine or newspaper article, press release (and any and all drafts, alterations or modifications, changes, amendments of any of the foregoing), office memorandum, graphic or oral record or representation of any kind (including, without limitation, graphs, microfiche, microfilm, videotapes, recordings, motion pictures, electronic, mechanical, electrical, or chemical recordings or representations of any kind), photograph, prospectus, testing or analysis report or other source of recorded information, including tapes, cassettes, disks, recordings, computer data from which information can be obtained or translated into useable form including manuals, guides and other written information necessary to translate computer routine documents into useable form.

10.  "Communication" or "communications" shall mean any exchange or transmission of information, whether oral, written, via electronic mail, text message, direct

message, social media, or by other means, and includes, but is not limited to, written, oral, telephonic, via electronic mail, representation, discussion, meeting, letter, correspondence, memorandum, newsletter, telegram, advertisement, speech, conversation, conference, note, e-mail or computer-generated message and any other document which refers to any such communication.

11. "Concerning" shall mean referring to, describing, evidencing or constituting.

12. "Including" shall mean "including, but not limited to" so as to require the broadest possible inclusion.

13. The terms "and" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible inclusion.

14. "All" shall be construed to include the word "any," and the word "any" shall be construed to include the word "all."

15. Unless otherwise stated in a request, the time period for documents responsive to these requests is August 2017 to the present.

**DOCUMENTS REQUESTED**

1. All documents and communications concerning Your experience with banking laws, regulations, and operations in Europe and Malta before You were appointed Competent Person.

2. All documents and communications concerning how and by whom You were contacted about Pilatus or serving as its Competent Person, including, without limitation, whether You were referred to the MFSA.

3. All documents and communications concerning Your appointment as Competent Person, including, without limitation, the scope of Your engagement; the vetting and qualification

process; Your roles, responsibilities, and authority; negotiations; the terms and conditions of Your engagement; the final agreed upon engagement and any amendments; and any other changes to such terms.

4. All documents and communications concerning any payments, compensation, or anything of value provided or promised to You directly or indirectly in relation to or concerning anything having to do with Pilatus or Your role as Competent Person.

5. All documents and communications concerning Your authority as Competent Person, including, without limitation, whether and from whom You requested or received approval or confirmation before taking action as Competent Person or making decisions on behalf of Pilatus.

6. All documents and communications sufficient to identify to whom You reported, either formally or informally, as Competent Person, and all documents and communications that are or concern any reports or updates You provided to such persons or entities concerning Pilatus or Your work as Competent Person.

7. All documents and communications exchanged between or among You and the ECB, the MFSA, or the Financial Conduct Authority (UK) concerning Pilatus or Mr. Sadr.

8. All documents and communications concerning any instructions, suggestions, directives, tasks, duties, objectives, goals, or advice You received from the ECB or the MFSA concerning Pilatus or Your role as Competent Person.

9. All documents and communications concerning the MFSA's reasons and justifications for assigning Pilatus a Competent Person.

10. All documents and communications concerning the reasons and justifications for divesting Pilatus' board of directors and shareholders of any authority they had or exercised before You became Competent Person.

11. All documents and communications concerning any payments made by You to third parties concerning Pilatus or Your role as Competent Person.

12. All documents and communications concerning any payments or obligations for payment concerning Pilatus about which You were consulted, informed, or involved.

13. All documents and communications concerning the License Withdrawal and License Withdrawal Proposal, including, without limitation, the reasons and justifications for seeking the License Withdrawal and whether any alternative measures were considered.

14. All documents and communications You reviewed in assessing Pilatus' regulatory and financial status at the time You became Competent Person and any notes, reports, or communications documenting Your impressions of Pilatus' regulatory and financial status.

15. All documents and communications concerning Pilatus' financial condition, including assets, deposits, equity, and financial ratios during Your time as Competent Person.

16. All documents and communications concerning Pilatus' reputation.

17. All documents and communications concerning any contracts, commitments, or pledges entered into or made by Pilatus or on its behalf to any person or party, including, without limitation, other financial institutions and banks.

18. All documents and communications concerning the collection of interest income and other receivables of Pilatus.

19. All documents and communications concerning any effort to preserve, improve, or increase Pilatus' financial status, operations, value, viability, profits, revenues, reputation, and regulatory compliance.

20. All documents and communications concerning any effort to hinder, impair, or stop Pilatus' operations and transactions, or otherwise reduce or decrease Pilatus' financial status, operations, value, viability, profits, revenues, reputation, and regulatory compliance.

21. All documents and communications concerning the assets of Pilatus or its clients.

22. All documents and communications concerning any analysis, audits, reports, or summaries You prepared, had prepared, or reviewed concerning Pilatus' financial condition, assets, financial viability, resale value, reputation, or regulatory compliance.

23. All documents and communications concerning Pilatus' internal and external audits, including, without limitation, the treatment of Pilatus' financials, statutory requirements, and any engagements.

24. All documents and communications involving or concerning any communications with any corresponding banks.

25. All documents and communications concerning any negative impression or regulatory concerns about Pilatus prior to Your appointment as Competent Person.

26. All documents and communications concerning Pilatus' value.

27. All documents and communications concerning any reports or observations made by regulatory and supervisory institutions in Malta and outside of Malta concerning Pilatus, including, without limitation, its financials, regulatory noncompliance, breaches, or notices of breaches.

28. All documents and communications exchanged between You and the press, including, without limitation, any official public comments or press releases, concerning Pilatus or Mr. Sadr.

29. Any documents and communications concerning Mr. Sadr.

- 7 -

30. All documents and communications concerning any public or regulatory filings concerning Pilatus, including, without limitation, Pilatus' financials or its clients' assets and financials.

31. All documents and communications concerning any employment or staffing actions taken by or on behalf of Pilatus, including without limitation, new hires, dismissals, changes in employee roles or responsibilities, and any assessment of employee loyalty, fidelity, or friendliness to Pilatus or Mr. Sadr.

32. All documents and communications concerning any process in which You attempted to or did engage third parties in order to provide services to or on behalf of Pilatus.

33. All documents and communications concerning any work or tasks outsourced or assigned to any third parties, whether by You, the MFSA, or otherwise, including, without limitation, all documents and communications concerning the reasons for doing so and costs.

34. All documents and communications concerning the board members of Pilatus, their interests, objections to their involvement in Pilatus' operations, their work concerning the preservation of assets, and shareholder interests.

35. All documents and communications concerning any refusal to meet or provide information concerning Pilatus to its board of directors, board committee members, Mr. Sadr, and Pilatus' clients.

36. All documents and communications concerning Pilatus' liquidity or the withdrawal of deposits, including, without limitation, any related concerns.

37. All documents and communications concerning Your schedule and any meetings You had as Competent Person or inconsideration of Your appointment as Competent Person, including, without limitation, any calendar entries or date books You kept.

- 8 -

38. All notes and reports You drafted or prepared in Your role as Competent Person or inconsideration of Your appointment as Competent Person.